ROCHE (UNITED STATES v.). See Case No. 16,180.

---

## Case No. 11,974a.

### ROCHELL et al. v. PHILLIPS.

[Hempst. 22.] [1]

Superior Court, Territory of Arkansas. Oct.. 1824.

PRACTICE AT LAW — DEMURRER OVERRULED — LEAVE TO REPLY — NEW TRIAL—ERRORS OF LAW AND OF FACT.

1. After a demurrer to a plea of set-off has been overruled, the plaintiff should have leave to reply.

2. The errors of a judge in matters of law, as well as the errors of a jury in matters of fact. alike constitute valid ground for a new trial.

Motion for a new trial, determined before Benjamin Johnson, Andrew Scott, and William Trimble, Judges of the Superior Court.

[This was an action by Reuben L. Rochell and Hunt M. Shiff against Sylvanus Phillips. Heard on motion for a new trial.]

OPINION OF THE COURT. At the last term of this court, a trial was had between the parties to this action, and a judgment rendered in favor of the defendant for 1,377 dollars and 66 cents damages and costs. A motion was afterwards made by the plaintiffs for a new trial, which was not then acted on by the court, but was continued over to the present term, and the only question now is, whether a new trial ought to be granted. The defendant interposed several pleas in bar of the action. and among them the plea of set-off. To this the plaintiffs demurred, but the court overruled the demurrer. The plaintiffs then asked leave to reply, but the court (Judges Selden and Scott) being divided in opinion, leave to reply was refused, and judgment rendered against the plaintiffs on their demurrer to the plea of set-off. That the court erred in refusing leave to reply to the plea of set-off, cannot be seriously denied. In England, for the last twen-

[1] [Reported by Samuel H. Hempstead, Esq.]

ty years, this practice has prevailed, and in the United States, we hazard nothing in saying that nine tenths of the courts are governed by the same practice. The old rigid rules which the court in this instance enforced, have long since given way to more enlightened and liberal principles. To quote authority on such a question we deem unnecessary. Every day practice and the repeated decisions of this court prove beyond controversy, that this is now the settled doctrine of the law. If, then, the court erred on this point, is it a good ground for a new trial? We are of opinion that it is. The errors of a judge in matters of law, as well as the errors of a jury in matters of fact, alike constitute valid grounds for a new trial. This position we think cannot be controverted, for in motions for new trials both grounds are generally relied on, and indeed nothing is more common than for an appellate court to award a new trial for a mistake or misdirection of the judge on a point of law. Now it cannot be denied, that the court below possesses the same powers to do everything while the cause is before it, that the appellate tribunal would have to require to be done. It is true, that after the term has passed, a court has no power over its own judgments, except to correct clerical mistakes, unless those judgments are kept open or suspended by a motion in arrest of judgment, a petition for a rehearing or reargument, a motion for a new trial, or some like motion, which leave the record open and in the power of a succeeding court. New trial granted.